## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE

Gary Hartman and                                      Bankruptcy No. 05-24382
Mary Ann Hartman,                                     Chapter 11
        Debtors

Gary Hartman and                                      **Related to Doc. No. 64, Objection to**
Mary Ann Hartman,                                     **Claim No. 14 of Pennsylvania**
        Movants                                       **Department of Revenue**

v.                                                    **Doc. No. 65, Objection to Claim No. 18 of**
                                                      **Internal Revenue Service**

Pennsylvania Department of
Revenue and Internal Revenue Service                  **Doc. No. 122, Motion for Summary**
        Respondent                                    **Judgment filed by Pennsylvania**
                                                      **Department of Revenue**

                                                      **Doc. No. 126, Motion for Summary**
                                                      **Judgment filed by Internal Revenue**
                                                      **Service**

Appearances
        Donald R. Calaiaro, Esquire, for Debtors
        Nicholas J. Lamberti, Esquire, for Pennsylvania Department of Revenue
        Gerald A. Role, Esquire, for Internal Revenue Service

### MEMORANDUM OPINION[1]

The matters before the court are motions for summary judgment filed by the

Pennsylvania Department of Revenue ("DOR") and the Internal Revenue Service ("IRS") with

respect to Debtors' objections to their respective claims for employer withholding trust fund tax

liabilities.  The DOR's Claim No. 14 asserts an unsecured claim against Debtors in the total

amount of  $16,222.61, consisting of the following:

---

[1]The court's jurisdiction was not at issue.  This Memorandum Opinion constitutes our
findings of fact and conclusions of law.

| 2003 | unsecured nonpriority penalty for state income taxes | $ 272.80 |
| 2002 | unsecured nonpriority penalty for unpaid trust fund taxes | $7,039.09 |
| 2004 | unsecured priority for state personal income tax deficiency | $ 197.41 |
| 2002 | unsecured priority for unpaid trust fund taxes plus interest | $8,713.31 |

The trust fund taxes relate to Pleasant Hills Construction Company ("PHCC"), a construction company of which Debtor Gary Hartman was the sole officer and director.

The DOR has since concluded that Debtors do not owe state income tax for the year 2004.[2]  However, the DOR's proof of claim includes a claim for a penalty with respect to 2003 individual state income taxes in the amount of $272.80 for the 2003 tax year.  That amount was not addressed by either party with respect to the DOR's motion for summary judgment so is still at issue.

The IRS's Claim No. 18 asserts a priority claim against Debtors in the total amount of $51,742.60[3] consisting of the following:

| civil penalty for tax period ending 3/31/02 | estimated liability | $39,809.20 |
| civil penalty for tax period ending 6/30/02 | estimated liability | $ 8,933.48 |
| income tax liability for period ending 12/21/04 | estimated liability | $ 3,000.00 |

With respect to the 2004 federal income tax liability included in the IRS's proof of claim, Debtors assert that they owed no federal income tax for 2004 and therefore are entitled to a refund.  *See* Objection to Claim Number 18 of the [IRS], Doc. No 65.  In its response to the

---

[2]At the time DOR's proof of claim was filed, Debtors had not filed their state income tax return for 2004.  The return has since been filed and DOR concluded that no income tax is owed. *See* Motion for Summary Judgment filed by [DOR], Doc. No. 122 at 7.  The proof of claim included a penalty amount of $197.41 with respect to the 2004 individual state income taxes. The DOR agreed to strike this penalty.

[3]We note that the amounts in the proofs of claim and in the motions for summary judgment differ slightly.  For this Memorandum Opinion we use the amounts stated in the proofs of claim.

2

objection to its claim the IRS denies that Debtors are entitled to a refund for 2004 income tax.
*See* Answer of [IRS] to Objection to Claim, Doc. No. 89.[4]  This liability was not addressed by
the parties in their various pleadings so we do not resolve it here.

This Memorandum Opinion addresses Debtors' unpaid state and federal trust fund tax
liabilities for 2002.  For the reasons which follow we find that Debtor Gary Hartman is liable for
the 2002 state and federal trust fund taxes.  We also find that Mary Ann Hartman is not liable for
the trust fund taxes.

## FACTS

Mary Ann Hartman

We first address Mary Ann Hartman's liability for the state and federal trust fund taxes.
On April 11, 2005,[5] Mary Ann Hartman  and Gary Hartman filed a joint chapter 11 which has
since been converted to chapter 7.  *See* note 4, *supra*.  The taxing bodies allege that both Debtors
are responsible for the unpaid trust fund taxes.  However, it is not alleged, and there is no
evidence, that Mary Ann Hartman is or was an officer or director of PHCC during the tax years

---

[4]Citing Fed.R.Bankr.P. 7001(1), the IRS argues that Debtors cannot seek recovery of
allegedly overpaid taxes through a contested matter but must file an adversary proceeding.  Rule
7001(1) provides that proceedings to recover money or property, with certain exceptions, are
adversary proceedings.  The IRS also takes the position that to the extent tax was overpaid
prepetition, Debtors lack standing to seek recovery inasmuch as any overpayment is property of
the estate.  Doc. No. 89.  When these pleadings were filed Debtors were debtors-in-possession in
chapter 11.  On September 14, 2007, the case was converted to Chapter 7 and assigned to the
Honorable M. Bruce McCullough.  To the extent further proceedings are required regarding the
Debtors' claim to a refund for 2004 individual income taxes, the Chapter 7 Trustee will be given
the opportunity to join this action, as appropriate, in the execution of his duties.

[5]The case was converted to chapter 7 on September 14, 2007, and transferred to another
member of this Court but the objections to claims and the motions for summary judgment were
filed before the conversion.

3

in question.  It is not disputed that her involvement with Gary Hartman's business was limited to

occasional purchases for the business and as a signatory with Gary Hartman to an Indemnity

Agreement between PHCC and Great American Insurance Company ("GAIC") whereby GAIC

agreed, as surety, to provide bonds on behalf of PHCC for various construction projects and the

Debtors agreed to be liable to GAIC for any losses GAIC might incur on those bonds.  *See*

Adversary 06-2597 (closed), Doc. No. 7, Exhibit A.  The Indemnity Agreement was executed by

Mary Ann Hartman in 1995 as secretary of PHCC.  All other documents of record in this case

indicate that Gary Hartman was the sole officer during the time periods to which the tax claims

pertain.  Neither the DOR nor the IRS allege that Mary Ann Hartman had any involvement with

PHCC.  All the undisputed facts recited by the DOR and the IRS refer only to actions of Gary

Hartman who was the sole corporate officer of PHCC.  Motion for Summary Judgment filed by

[IRS], Exh. 101 (Gary Hartman's answers to interrogatories), Doc. No. 126.  Answers to

interrogatories supplied by Gary Hartman list employees and independent contractors of PHCC

and Mary Ann Hartman's name does not appear on the list.  *Id.*

In response to an interrogatory propounded by the IRS requesting Debtors to identify

"each and every individual who has knowledge concerning the subject matter of your objection,

and fully describ[ing] the substance of his or her knowledge as it relates to those matters."  *Id.* at

Interrogatory #9.  Gary Hartman responded stating that one Joanne Morgan was PHCC's office

manager.  Ms. Morgan is not involved in these objections to claims or motions for summary

judgment.  Gary Hartman also identified Mary Ann Hartman, stating that she had only

> cursory knowledge of the unpaid employment tax liabilities of
> PHCC gained through various notices received by her husband and
> these proceedings.  Mrs. Hartman has no first hand knowledge of

> the internal workings of the company or the events underlying
> these proceedings.

*Id.*  These assertions were not challenged on this record.  In its Response to Movants'

Supplemental Brief, Doc. No. 147, the IRS states that

> Movants [Debtors] acknowledge that <u>Gary Hartman</u> was a person
> responsible for the unpaid withholding taxes of PHCC . . . .  The
> only remaining issue is whether debtor <u>Gary Hartman</u> willfully
> failed to pay over the withholding taxes.

*Id.*

Debtors' amended schedules state that although Mrs. Hartman made certain purchases for

the business, most of the purchases were made by Gary Hartman.[6]  *See* Debtors' Amended

Schedules, Doc. No. 27.  The bankruptcy petition itself states that Mrs. Hartman is employed as

a nurse by a Pittsburgh hospital.  *See* Doc. No. 10.  It is not represented, nor has any evidence

been produced, that she has or ever had  a position with PHCC.  In addition, the specific

allegations of the DOR and the IRS in pleadings with respect to the trust fund taxes name only

Gary Hartman.  As stated, Mary Ann Hartman is liable on the Indemnity Agreement to GAIC

because she is a signatory to that agreement.  Even though she signed the Indemnity Agreement

as secretary of PHCC, that was in 1995 and there is no evidence that she was an officer of the

business after that time.  The only issues with respect to Mrs. Hartman, therefore, are those not

addressed at this time; to-wit, the 2003 state income tax penalty, the 2004 federal income tax

---

[6]Although the Official Bankruptcy Forms require Debtors to indicate on Schedule F,
Creditors Holding Unsecured Nonpriority Claims, whether the debts listed are those of husband,
wife, joint, community or codebtor, only a few are marked either "H" or "W."  *See, e.g.,*
Amended Schedules, Doc. No. 27/.

liability, and Debtors' 2004 refund claim.  Insofar as the 2002 state and federal trust fund taxes

are concerned, we find no evidence that Mary Ann Hartman is liable.

Gary Hartman

From the time PHCC was incorporated in 1990 until it ceased operations in September

2002, Debtor Gary Hartman and his brother Michael were each fifty percent shareholders in

PHCC.  *See* IRS's Motion for Summary Judgment, Doc. No. 126, Exh. 101, answer to

Interrogatory #2; *id*. at Exh. 102, at 39.  At the time the taxes in dispute accrued Gary Hartman

was the sole corporate officer of PHCC.   Motion for Summary Judgment filed by [IRS], Exh.

101 (Gary Hartman's answers to interrogatories), Doc. No. 126.  The taxes that are the focus of

this dispute are employer withholding taxes that were payable in March of 2002 through

September of 2002.   Gary Hartman asserts that GAIC was in control of PHCC at the relevant

time and therefore he is not responsible for the taxes.  He also asserts that he is not liable for

these taxes because (1) a signature stamp was available and sometimes used for checks, (2) his

brother Michael took care of the day to day business operations, (3) GAIC was in control of the

corporation, and (4) Gary Hartman did not know that the taxes were not paid.[7]

As noted, both Debtors were signatories to the Indemnity Agreement with GAIC with

respect to performance bonds for PHCC.  That Agreement was signed in February of 1995.

_____

[7]Mr. Hartman also asserts that the office manager of PHCC, Joanne Morgan, had authority to sign checks and Federal Forms 940 and 941.  IRS's Motion for Summary Judgment, Doc. No. 126, Exh. 101, Answer to Interrogatory #9.  There is no evidence on the record that connects her with any of the actions on which the DOR and the IRS base their claims.  Although Gary Hartman asserted that his signature stamp could be used, there was no evidence besides his self-serving statement that it was used.  It was Gary Hartman's responsibility as a responsible officer to investigate to make sure the taxes were paid.  Use, non-use, or misuse of his signature stamp does not excuse his failure to pay the taxes or to make sure they were paid.

Brief in Support of GAIC's Motion to Dismiss Complaint, Adversary  No. 06-02597, Doc. No.

28 at 4.  In the Indemnity Agreement, GAIC agreed to issue performance and payment bonds on

projects awarded to PHCC and Debtors agreed to reimburse GAIC for any losses GAIC incurred

with respect to the bonds on behalf of PHCC.  *Id.*   Upon default, the Indemnity Agreement

specifically authorized GAIC to take over, or arrange for completion of, PHCC's bonded

contract work "at the expense of the Contractor [i.e., PHCC] and Indemnitors [i.e., Debtors

herein]."  *See* Agreement of Indemnity, Exh. A to Motion to Dismiss filed by GAIC at Adv. No.

06-02597, Doc. No. 7.  Neither the DOR nor the IRS were parties to the Indemnity Agreement

and their claims against Debtors are not based on the indemnity.  However, Gary Hartman denies

liability on the ground that GAIC controlled PHCC.  The facts belie this assertion.

At least by late 2001, PHCC began to experience financial difficulty.  *See* Motion for

Summary Judgment filed by [IRS], Doc. No. 126, Exhibit 101.  As a result, on May 2, 2002,

Gary Hartman sent a letter on behalf of PHCC to GAIC informing it that PHCC was financially

unable to complete its bonded jobs and pay its suppliers.  Shortly thereafter GAIC, acting

pursuant to the  Indemnity Agreement, assumed control of the completion of PHCC's jobs.[8]

Debtor asserted that at this time he was no longer in control of the company or its assets.  Adv.

No. 06-2596, Doc. No. 1 at 2.  However, as late as September 17, 2002, Gary Hartman continued

---

[8]In his complaint filed at Adv. No. 06-2597, Gary Hartman asserted that GAIC took control of PHCC's assets and used them to complete PHCC's jobs.  He also asserted that GAIC collected accounts receivable and did not make tax payments.  However, in the Indemnity Agreement Debtors assigned, as of the date of the agreement, "[a]ny and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Contractor has an interest."  Motion to Dismiss Case filed by [GAIC], Adv. No. 06-2597, Doc. No. 7, at Exhibit A.  The assignment existed as of the date the Indemnity Agreement was executed and became effective upon PHCC's default on bonded jobs.

7

to identify himself in documents to customers and suppliers as President of PHCC.  DOR's

Motion for Summary Judgment, Doc. No. 122 at 7, ¶ 21; Motion for Summary Judgment filed by

[IRS], Doc. No. 126, Exh. 103.  Mr. Hartman also continued to sign checks and several 2002

federal employer's quarterly tax returns in the months following GAIC's taking control of

PHCC's construction projects.  Doc. No. 122 at 6, ¶ 18.  Moreover, identifying himself as

"Secretary/Treasurer" of PHCC, Gary Hartman signed a corporate resolution on April 30, 2002,

stating that PHCC's board had authorized the opening of a checking account for PHCC requiring

two signatures, his on behalf of PHCC, and that of Ed Kirsch for GAIC.  *See* Motion for

Summary Judgment filed by [DOR], Doc. No. 122, third unnumbered exhibit, at 12.

        In Debtors' Supplemental Brief/Memorandum in Opposition to [IRS's] Motion for

Summary Judgment, Doc. No. 143 at unnumbered page 3, Gary Hartman concedes that he was

the responsible officer at the time taxes were payable but asserts that he was unaware that the

taxes were not paid until after GAIC had assumed control of PHCC's accounts receivable.  He

states that he informed the new controlling company, GAIC, that it must pay the unpaid taxes,

yet, he says, GAIC refused.  Debtor's Affidavit in Opposition to the Motion for Summary

Judgment, Doc. No. 137 at 2.  Mr. Hartman alleges that he had no power to make payments

without the permission of GAIC and was therefore unable to pay the taxes.  *Id*.  We find his

contention to be without merit.  First, this matter has been litigated before.  In 2002, GAIC sued

Debtors and PHCC in district court with respect to payment on the bonds and PHCC

counterclaimed, alleging that GAIC was obligated to pay PHCC's tax obligations.  As explained

more fully in note 12, *infra*, GAIC's motion to dismiss Debtors' counterclaim was granted by the

District Court for the Western District of Pennsylvania.  *See* Adv. 06-2597, Doc. No. 7, Exh. E,

Order in Civil Action 02-1736.  Then, in 2006, Debtors filed Adversary No. 06-2597 against

GAIC again alleging, *inter alia*, that GAIC was liable for the taxes.[9]  The adversary was

dismissed with prejudice by this court.  Debtors' objections to claims are based upon the same

transactions and assert substantially the same theories as to why Debtors are not liable for the

taxes that they asserted in the district court and in the adversary proceeding in this court.

As a result of Mr. Hartman's alleged lack of control over PHCC's finances and alleged

lack of knowledge of the unpaid taxes, Debtors argue that the DOR and IRS are unable to meet

their burden of proof that Debtor acted wilfully with regard to the unpaid trust fund taxes in

question.  Debtors accordingly object to the taxing bodies' claims.  Furthermore, in a Protest

Gary Hartman filed with the IRS in October of 2005, he stated that PHCC was unable to pay the

taxes as early as the third quarter of 2001.  *See infra*.

## ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact

and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56 (c);

Fed.R.Bankr.P. 7056.  The undisputed facts establish that Gary Hartman was PHCC's

responsible officer during the 2002 tax periods.  Although the state and federal statutory

requirements for imposition of liability on a responsible officer are different in one respect, we

---

[9]In the adversary GAIC filed a motion to withdraw the reference and the adversary
documents were transmitted to the District Court.  After this Bankruptcy Court entered an order
dismissing the adversary with prejudice, the District Court dismissed the motion to withdraw the
reference without prejudice and the adversary was closed.  In its motion to dismiss the adversary,
GAIC attached as exhibits pleadings filed in Civil Action 02-1736 filed by GAIC against PHCC
and these Debtors.  By order dated September 3, 2003, the District Court entered judgment for
GAIC with costs and fees assessed against PHCC and Debtors.  *See* Adv. 06-2597, Doc. No. 7,
Exh. E.

find that there is no genuine issue of material fact under either set of requirements and conclude

that Mr. Hartman is liable for the trust fund taxes owed to the DOR and the IRS.

DOR relies on *City of Philadelphia v. Penn Plastering Corp.* 253 A.2d 247 (Pa.1969)

(rehearing denied)(under Pennsylvania law corporation and its officers were trustees *ex maleficio*

with respect to taxes collected by corporation as agent for the city); *Brown v. Commonwealth,*

670 A.2d 1222 (Pa Cmwlth. 1996)(taxpayer liable for trust fund taxes for period in which he was

active and controlling officer of corporation)*; and In re Grillo,* 331 B.R. 614 (Bankr.D.N.J.

2005)(allowing civil penalty claims of the IRS with respect to unpaid trust fund taxes inasmuch

as the president and majority shareholder had full access to corporate books and records and

check signing authority and was aware that trust fund taxes were not paid but continued to allow

corporation to pay expenses).

Mr. Hartman conceded that he was a responsible officer during the time that the state and

federal taxes were not paid. Debtors' Supplemental Brief in Opposition to Respondent's [IRS]

Motion for Summary Judgment, Doc. No. 143, at 3. Therefore, the issue with respect to state

trust fund taxes is whether he has a defense to liability. We find that he does not.

Section 7319 of title 72 of Purdon's Statutes provides, in part, that "[e]very employer

withholding tax . . . shall pay over to the department . . . the tax required to be deducted and

withheld under this article." Section 7320 provides:

> Every employer required to deduct and withhold tax under this
> article is hereby made liable for such tax For purposes of
> assessment and collection, any amount required to be withheld and
> paid over to the department and any additions to tax penalties and
> interest with respect thereto, shall be considered the tax of the
> employer. All taxes deducted and withheld from employes [sic]
> pursuant to this article or under color of this article shall constitute
> a trust fund for the Commonwealth and shall be enforceable

against such employer, his representative or any other person
receiving any part of such fund.

72 P.S. §7320.

Gary Hartman does not deny that PHCC, his corporation, was an employer required to

collect and pay over the tax.  He asserts that after GAIC took over performance under its bonds,

he did not know the taxes were not being paid by GAIC and that he had no ability to pay them

while GAIC ran the project.  He also denied that he was required to pay the tax on the basis that

GAIC controlled the corporation.  However, there is nothing of record to show that GAIC

controlled the corporation and nothing in the cited sections requires knowledge or willfulness.

We note that §7320 states only that an employer shall be liable for unpaid taxes.  The statute

does not address the mental state of the employer nor does it address the issue of "willfulness."

There are no case precedents regarding §7320 that require proof of a specific mental state.

Although some courts that have held an employer liable for overdue taxes have acknowledged

the fact that the employer "knew" that the taxes were unpaid, knowledge is not dispositive.

In  *Brown v. Commonwealth,* 670 A.2d 1222, 1224 (Pa. Cmwlth. 1996), the officer of the

corporate taxpayer argued that loss of the power to control the payment of a corporation's funds

means that the officer ceases to be personally liable for collection and payment of the

corporation's trust fund taxes.  The Commonwealth Court quoted *City of Philadelphia v. Penn*

*Plastering Corp.*, *supra*, 253 A.2d at 249, which held that a corporation and its officers were

trustees *ex maleficio* with respect to the performance of the corporation's duty to collect and pay

trust fund taxes.   The Commonwealth Court noted that in *City of Philadelphia v. B. Axe Co.,* 397

A.2d 51 (Pa. Cmwlth. 1979), in determining whether substantial evidence existed to find that an

individual was the controlling corporate officer, it considered factors such as physical presence

11

on the premises at relevant times, the ability to hire or fire and the signing of tax returns and

payroll and other checks. *Brown v. Commonwealth, supra*, 670 A.2d at 1225. There is no

mention of "willfulness" with respect to the nonpayment of state trust fund taxes in these cases,

as there is none in §7320. The court in *Brown v. Commonwealth* noted that after the bank in that

case took "complete control" of the corporation, there was insufficient evidence to determine

that the corporate officer could be held liable as a trustee *ex maleficio*. *Id.* In the instant case, the

evidence establishes that GAIC did not have complete control. As noted above, the Indemnity

Agreement among Debtors, PHCC, and GAIC authorized GAIC to take over or arrange for

completion of PHCC's bonded contract work. The agreement provides, in pertinent part, that

> In the event of any breach, delay or default asserted by the obligee
> in any said Bonds, or the Contractor has suspended or ceased work
> . . . or failed to pay obligations incurred . . . the Surety shall have
> the right, at its option and in its sole discretion . . ., to take
> possession of any part or all of the *work* under any contract . . .
> covered by any said Bonds, and at the expense of the Contractor
> and Indemnitors to complete or arrange for the completion of the
> same . . . .

Adv. No. 06-2597, Motion to Dismiss filed by [GAIC], Doc. No. 7, Exhibit A at ¶ Sixth.[10]

Moreover, courts have stressed the importance of holding responsible officers liable for unpaid

taxes when they are the active and controlling officers of the company.

---

[10]Under the Indemnity Agreement, GAIC had the right, but not the obligation, "to
exercise all of the rights of the Contractor and Indemnitors . . . and in the name of the Contractor
and Indemnitors to make, execute, and deliver any and all additional or other assignments,
documents or papers deemed necessary and proper by the Surety in order to give full effect not
only to the intent and meaning of the within assignments, but also to the full protection intended
to be herein given to the Surety . . . . The Contractor and Indemnitors hereby ratify and confirm
all acts and actions taken and done by the Surety as such attorney-in-fact." Adv. No. 06-2597,
Motion to Dismiss filed by [GAIC], Doc. No. 7, Exhibit A at ¶ Eighteenth.

> To hold otherwise would be to disregard the undisputed fact that
> corporations must act through individuals and where the
> individuals are the active and controlling officers and agents of the
> corporation and they fail to administer the trust responsibilities of
> the corporation, those responsibilities are imposed upon the
> individuals who are responsible for the performance of the trust
> duty.

*Brown v. Commonwealth*, *supra*, 670 A.2d at 1225.  Further, Gary Hartman signed the corporate

resolution regarding setting up a special checking account requiring that checks have both his

signature and that of a representative of GAIC.

Gary Hartman's argument that he was no longer in control of PHCC and therefore is not

responsible for the trust fund taxes owed to the state is without merit.  In the case at hand Mr.

Hartman  was in control of the corporation at the relevant times.  For example, he continued to

refer to himself as president and designated to whom the company would make payments by

signing PHCC's checks until September of 2002, notwithstanding his assertion that his brother

was in control before GAIC[11] took over PHCC's projects in April of 2002.  *See infra*.

Furthermore, the state statute does not provide Debtor with a defense for being

uninformed with respect to payment of the taxes.  The statute states that the employer, his

representative, or any other person receiving any part of such fund is responsible for paying to

the Commonwealth all withheld taxes, plus penalties and interest.  As the president of PHCC and

its sole director, Mr. Hartman is clearly within the ambit of the statute.  *See City of Philadelphia

v. Penn Plastering Corp.*, *supra*, 253 A.2d at 249 (Pennsylvania Supreme Court held that

allegations that wage taxes were collected by the corporation as agent for the city and that

---

[11]Debtor Gary Hartman asserts that a stamp with his signature was used but as a matter of
state law, the liability for the taxes is his as the responsible corporate officer.  *See* 72 P.S. §7320.
Mr. Hartman, of course, had to have authorized the creation and use of the stamp.

controlling corporate officer failed to pay the taxes collected stated a cause of action against both corporation and its officer; under Pennsylvania law corporation and its officers were trustees *ex maleficio*).  Based on the foregoing, Debtors' objection to the DOR's claim is overruled and the DOR's motion for summary judgment is granted.[12]

The treatment of the IRS's claim for trust fund taxes is judged under a different standard. Unlike the Pennsylvania statute, §6672 of title 26 of the United States Code includes a willfulness element.  Section 6672 provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

In *Greenberg v. U.S.,* 46 F.3d 239, 243 (3d Cir. 1994), the Court of Appeals for the Third Circuit held that, for purposes of §6672, "Responsibility is a matter of status, duty, or authority, not knowledge."  *See also Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921, 927 (3d Cir. 1990). "Willfulness" is defined by the Court of Appeals as "a voluntary, conscious and intentional decision to prefer other creditors over the Government" with reckless disregard for whether taxes have been paid.  *Greenberg v. U.S., supra*, 46 F.3d at 244, citing  *Brounstein v. U.S.*, 979 F.2d

---

[12]Prepetition, GAIC commenced a civil action against Debtors with respect to Debtors' and PHCC's  failure to fulfill their indemnity obligations under the Indemnity Agreement.  PHCC filed an answer and counterclaim alleging that GAIC had breached its duty to pay the state and federal taxes at issue in this bankruptcy case.  GAIC's motion to dismiss Debtors' counterclaim was granted by the district court.  The parties entered into a confidential settlement agreement and release and the district court entered an order dismissing with prejudice all claims by and against GAIC and Debtors *inter se*.  *See* Adv. No. 06-2597, Motion to Dismiss Case filed by [GAIC], Adv. Doc. No. 7.

952, 955-56 (3d Cir. 1992).   In order for the nonpayment of tax to be willful, the responsible

person "need only know that the taxes are due or act in reckless disregard of this fact."

*Greenberg v. U.S., supra*, 46 F.3d at 244.   Evil motive or bad purpose for the nonpayment are

not necessary for liability.   *Id.*   The court further explained that <u>any</u> payment to creditors other

than the Government, knowing that taxes are owed, constitutes willfulness.   *Id.*

Gary Hartman asserted at first that he did not know that taxes were owed because GAIC

had taken control of the corporation.   As noted, the documentation Debtor relies on, *i.e.,* the

Indemnity Agreement, which is clear on its face, does not support the contention that GAIC had

control of PHCC or its assets.   To the contrary, the undisputed facts establish that Debtor

retained control.   Debtor continued to write checks, sign tax returns, and otherwise act on behalf

of the corporation after the alleged loss of control to GAIC.   He asserted that his brother,

Michael, had the responsibility for day-to-day operations, including making payments to

creditors and the Government, but there is no evidence other than Mr. Hartman's statements to

support this contention.   Even if this is true, however, Mr. Hartman remained a responsible

officer in control of PHCC's affairs.   The evidence establishes that he signed all quarterly tax

returns from March of 2002 to September of 2002 and continued to pay suppliers, etc., until

September of 2002.   *See* IRS's Motion for Summary Judgment, Doc. No. 126, Exhibit 101.   He

asserts that his brother Michael paid the bills[13] but the documents (checks and tax returns) have

---

[13]Debtor filed an affidavit stating that his brother, Michael, "made the important
decisions for PHCC" and that Debtor was not in control.  Main Case Doc. No. 137 at 1.  Even if
Michael Hartman was also a responsible officer, Debtor, as a 50 percent shareholder and the
president of PHCC, remained a responsible officer as well.  *See* 26 U.S.C. §6672 ("<u>Any</u> person
required to collect . . . any tax . . . who willfully fails to collect such tax . . . shall . . . be liable to
a penalty . . . .")(emphasis added).

Debtor's signature.  Debtor asserted that his signature stamp was used to pay obligations.

Nonetheless, Gary Hartman, as the sole officer of PHCC who remained in control of the

corporation, has the liability for the taxes.

Moreover, in deposition Debtor testified that he was the only officer and the only director

of PHCC.  *See* Motion for Summary Judgment filed by [IRS], Doc. No. 126, Exhibit 102, April

27, 2006, Deposition of Gary Hartman, at 65-66.  Dual status as the sole officer and sole director

is sufficient evidence of control and responsibility.  To fall within the purview of 26 U.S.C.

§6672, one "must have significant, though not necessarily exclusive, control over the . . .

finances." *U.S. v. Vespe*, 868 F.2d 1328, 1332 (3d Cir. 1989).  The responsible officer has an

affirmative duty to investigate whether the trust fund taxes are being paid to the government and,

consequently, has a duty to remedy nonpayment.  *United States v. Vespe*, 868 F.2d 1328, 1332

(3d Cir. 1989).

More to the point, we find that Gary Hartman had actual knowledge that trust fund taxes

were unpaid well before he notified GAIC in April of 2002 that PHCC was unable to complete

its bonded construction projects.  In a "Protest" he submitted to the IRS (through counsel) dated

October 22, 2005, Mr. Hartman admitted that PHCC became insolvent in 2001 and could not pay

employment taxes from the third quarter of 2001 through the second quarter of 2002 when it

ceased to operate after notifying GAIC in April of 2002 that PHCC was insolvent and unable to

complete its bonded contracts.  *See* Doc. 126, Exh. 101.  Thus, it is clear that the employment

taxes were unpaid, and that Gary Hartman knew they were not paid, long before GAIC was

called upon to perform under its bond and while Gary Hartman was in control of PHCC.

16

Under *Greenberg* and *Vespe, supra,* Debtor, as PHCC's responsible officer and the

person in control of the corporation as evidenced by his signature on tax returns and on checks

used to pay creditors other than the IRS,  willfully failed to pay the trust fund taxes.  One who is

an authorized signatory on the corporation's checking account, signs the majority of checks for

creditors and who has the "<u>authority</u> to exercise managerial control," even if such control is not

exercised, has the requisite significant control for purposes of 26 U.S.C. §6672.  *Brounstein v.*

*U.S.*, 979 F.2d 952, 955 (3d Cir. 1992)(emphasis added).  It is no defense that the corporation

was in financial distress.  *Greenberg v. U.S., supra*, 46 F.3d at 244.  The motion for summary

judgment filed by the IRS will be granted.[14]

Accordingly, we find that (1) Gary Hartman was the responsible officer of PHCC during

the time that the taxes were due, (2) he paid other creditors once he had knowledge that the taxes

were overdue, and (3) at the time that GAIC stepped in under the Indemnity Agreement PHCC

had already incurred liability for employment taxes which it had not paid and (4) GAIC's

completion of jobs under its bonds did not relieve Gary Hartman from the obligation of

monitoring, collecting, and paying over applicable trust fund taxes.  Therefore, Debtors'

---

[14]*Matter of Grillo*, 331 B.R. 614 (Bankr.D.N.J. 2005), concerned civil penalty claims of
the IRS against an individual chapter 11 debtor in connection with nonpayment of trust fund
taxes by companies which the debtor husband had founded.  The bankruptcy court held that
because the president and majority shareholder had full access to corporate books and records
and full check signing authority, he was a "responsible person" for purposes of assessment for
willful failure to pay those taxes, notwithstanding the fact that he had, over time, ceded control
of the companies' financial affairs to his sons.  Further, after the debtor husband became aware
that the taxes had not been paid, he continued to draw his salary and to permit the corporations to
pay operational expenses while leaving the trust fund taxes unpaid.  This, the court held,
constituted willful failure to pay the trust fund taxes.

objection to the IRS's claims is overruled and the IRS's motion for summary judgment is granted

with respect to the trust fund taxes as to Gary Hartman.

Debtors assert in their objection to the IRS's claim that they paid in full their 2004

federal income tax liability and were owed a refund by the IRS.  Objection to Claim Number 18

of the [IRS], Doc. No. 65.  The IRS disputes that the tax was paid and denies that Debtors are

due a refund.  Answer of [IRS] to Objection to Claim, Doc. No. 89.  Further proceedings are

required regarding this disputed matter.

**CONCLUSION**

Debtors' objections to the claims of Pennsylvania DOR and the IRS regarding 2002

trusts fund taxes are overruled.  The taxing bodies' motions for summary judgment are granted

with respect to trust fund taxes for the periods claimed in 2002 as to Gary Hartman only and

denied as to Mary Ann Hartman.  Further proceedings with respect to the 2003 state tax penalty

and the 2004 federal income tax issues will be separately scheduled.

An appropriate order will be entered.


DATED:  October 4, 2007

Judith K. Fitzgerald
United States Bankruptcy Judge

cjs

18

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE

| | |
|---|---|
| Gary Hartman and | Bankruptcy No. 05-24382 |
| Mary Ann Hartman, | Chapter 11 |
| Debtors | |

| | |
|---|---|
| Gary Hartman and | **Related to Doc. No. 64, Objection to** |
| Mary Ann Hartman, | **Claim No. 14 of Pennsylvania** |
| Movants | **Department of Revenue** |

| | |
|---|---|
| v. | **Doc. No. 65, Objection to Claim No. 18 of** |
| | **Internal Revenue Service** |

| | |
|---|---|
| Pennsylvania Department of | **Doc. No. 122, Motion for Summary** |
| Revenue and Internal Revenue Service | **Judgment filed by Pennsylvania** |
| Respondent | **Department of Revenue** |

**Doc. No. 126, Motion for Summary
Judgment filed by Internal Revenue
Service**


**ORDER GRANTING IN PART AND DENYING IN PART DEBTORS'
OBJECTIONS TO CLAIMS OF PENNSYLVANIA DEPARTMENT OF REVENUE
AND INTERNAL REVENUE SERVICE AND GRANTING IN PART AND DENYING IN
PART MOTIONS FOR SUMMARY JUDGMENT FILED BY PENNSYLVANIA
DEPARTMENT OF REVENUE AND INTERNAL REVENUE SERVICE**

**AND NOW**, this 4th  ay of  October,  **2007**, for the reasons expressed in the foregoing

Memorandum Opinion

(1) it is **ORDERED, ADJUDGED and DECREED** that, with respect to the

Pennsylvania Department of Revenue

(a) DOR's motion for summary judgment with respect to Debtors' Objection to

Claim No. 14 filed by DOR is **granted in part and denied in part**.  DOR's motion for summary

1

judgment is **granted** with respect to Gary Hartman's liability for 2002 trust fund taxes and

**denied** with respect to Mary Ann Hartman's liability for same;

(b) Debtors' objection to DOR's claim for 2002 trust fund taxes is **overruled** with

respect to Gary Hartman and **sustained** with respect to Mary Ann Hartman;

(c) Debtors' objection to the DOR's claim for 2004 income taxes is **sustained** and

DOR's motion for summary judgment with respect to the 2004 state income taxes is **denied**;

It is **FURTHER ORDERED** that a separate Judgment Order will be entered against

Gary Hartman for the above stated 2002 trust fund tax liability.

It is **FURTHER ORDERED** that the DOR's 2003 penalty claim in the amount of in the

amount of $272.80 for individual state income taxes is not capable of resolution on the record

before the Court.  Therefore, within 20 days hereof, the DOR and the Debtors shall provide

notice to the Chapter 7 Trustee by serving same with a copy of all pleadings, briefs, and orders

entered regarding the state's 2003 penalty claim for personal income taxes.

IT is **FURTHER ORDERED** that within 45 days hereof the Trustee shall join in this

action as a moving party and shall file appropriate pleadings setting forth the Trustee's

position(s) regarding this objection to claim and motion for summary judgment.

It is **FURTHER ORDERED** that a consent order resolving the matter may be filed on or

before 90 days hereof.  If a consent order is not filed within that time, a pretrial conference at

which all counsel must appear shall be held on **January 25, 2008,** at **9:00 a.m.**, in Courtroom A,

54th Floor, US Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania.

(2) It is further **ORDERED, ADJUDGED and DECREED**, with respect to the Internal

Revenue Service, that

2

(a) the IRS's motion for summary judgment with respect to Debtors' Objection to Claim No. 18 filed by the IRS is **granted in part and denied in part**.  IRS's motion for summary judgment is **granted**  with respect to Gary Hartman's liability for 2002 trust fund taxes and **denied** with respect to Mary Ann Hartman's liability for same;

(b) Debtors' objection to the IRS's claim for 2002 trust fund taxes is **overruled** with respect to Gary Hartman and **sustained** with respect to Mary Ann Hartman;

It is **FURTHER ORDERED** that a separate Judgment Order will be entered against Gary Hartman for the 2002 trust fund tax liability.

It is **FURTHER ORDERED** that Debtors' objection to the IRS's claim for 2004 individual income taxes and Debtors' claim to a refund for 2004 cannot be determined on the record before the Court.  Therefore, within 20 days hereof, the IRS and the Debtors shall provide notice to the Chapter 7 Trustee by serving same with a copy of all pleadings, briefs, and orders entered regarding the 2004 federal (IRS) claim for personal income taxes and refund thereof.

It is **FURTHER ORDERED** that within 45 days hereof the Trustee shall join in this action as a moving party and shall file appropriate pleadings setting forth the Trustee's position(s) regarding this objection to claim and motion for summary judgment.

It is **FURTHER ORDERED** that a consent order resolving the matter may be filed on or before 90 days hereof.  If a consent order is not filed within that time, a pretrial conference at which al counsel must appear shall be held on **January 25, 2008,** at **9:00 a.m.**, in Courtroom A, 54th Floor, US Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania.

Judith K. Fitzgerald
United States Bankruptcy Judge

cjs

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE

Gary Hartman and                          Bankruptcy No. 05-24382
Mary Ann Hartman,                         Chapter 11
          Debtors

Gary Hartman and                          **Related to Doc. No. 64, Objection to**
Mary Ann Hartman,                         **Claim No. 14 of Pennsylvania**
          Movants                         **Department of Revenue**

v.                                        **Doc. No. 65, Objection to Claim No. 18 of**
                                          **Internal Revenue Service**

Pennsylvania Department of
Revenue and Internal Revenue Service      **Doc. No. 122, Motion for Summary**
          Respondent                      **Judgment filed by Pennsylvania**
                                          **Department of Revenue**

                                          **Doc. No. 126, Motion for Summary**
                                          **Judgment filed by Internal Revenue**
                                          **Service**

**JUDGMENT ORDER WITH RESPECT TO CLAIM NUMBER 18 OF THE
INTERNAL REVENUE SERVICE**

   **AND NOW,**  this 4th day of  October, **2007**, it is **ORDERED,** for the reasons expressed

in the foregoing Memorandum Opinion, that judgment in favor of the Internal Revenue Service

is hereby entered against Gary Hartman in the amount of $48,742.68 as a civil penalty for the

2002 unpaid trust fund taxes of Pleasant Hills Construction Corporation, which amount is

allowed as a priority claim.

                    _Judith K. Fitzgerald_                cjs
                    Judith K. Fitzgerald
                    United States Bankruptcy Judge

1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE

| | |
|---|---|
| Gary Hartman and | Bankruptcy No. 05-24382 |
| Mary Ann Hartman, | Chapter 11 |
|     Debtors | |
| | |
| Gary Hartman and | **Related to Doc. No. 64, Objection to** |
| Mary Ann Hartman, | **Claim No. 14 of Pennsylvania** |
|     Movants | **Department of Revenue** |
| | |
| v. | **Doc. No. 65, Objection to Claim No. 18 of** |
| | **Internal Revenue Service** |
| | |
| Pennsylvania Department of | **Doc. No. 122, Motion for Summary** |
| Revenue and Internal Revenue Service | **Judgment filed by Pennsylvania** |
|     Respondent | **Department of Revenue** |
| | |
| | **Doc. No. 126, Motion for Summary** |
| | **Judgment filed by Internal Revenue** |
| | **Service** |

**JUDGMENT ORDER WITH RESPECT TO CLAIM NUMBER 14 OF THE
PENNSYLVANIA DEPARTMENT OF REVENUE**

**AND NOW,** this 4th day of October, **2007**, it is **ORDERED,** for the reasons expressed in the foregoing Memorandum Opinion, that judgment in favor of the Pennsylvania Department of Revenue is hereby entered against Gary Hartman in the amount of $8.713.31which amount is allowed as an unsecured  priority claim, representing the unpaid 2002 trust fund tax liability, of Pleasant Hills Construction Corporation and $7,039.09 as an unsecured nonpriority civil penalty for the 2002 unpaid trust fund taxes of Pleasant Hills Construction Corporation.

*Judith K. Fitzgerald*

                                                   cjs

Judith K. Fitzgerald
United States Bankruptcy Judge

1